UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
FEDERAL DEPOSIT INSURANCE :
CORPORATION, :
: CASE No. 15-CV-2480
Plaintiff, :
:
vs. : OPINION AND ORDER
: [Resolving Doc. 14]
PRIMELENDING, A PLAINSCAPITAL :
COMPANY, :
:
Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Federal Deposit Insurance Corporation ("FDIC") brings claims against Defendant Primelending for breaches of two of the parties' Master Correspondent Loan Purchase Agreements.[1] Defendant Primelending moves to transfer venue to Texas under 28 U.S.C. § 1404(a).[2] For the following reasons, this Court **DENIES** Defendant's motion to transfer.

**I. Background**

On August 1, 1998, AmTrust Bank entered into a Master Correspondent Loan Purchase Agreement with Defendant Primelending. The 1998 Loan Purchase Agreement had an Ohio choice of law clause.[3]

On May 8, 2007, AmTrust Bank entered into a second Master Correspondent Loan Purchase Agreement with Defendant Primelending. The 2007 Loan Purchase Agreement also

---

[1] Doc. 1.
[2] Doc. 14. Plaintiff opposes. Doc. 16.
[3] "This Agreement shall be construed and enforced in accordance with the laws of the State of Ohio." Doc. 16-1 at 19.

Case No. 15-cv-2480
Gwin, J.

had an identical Ohio choice of law clause.[4] The 2007 Loan Purchase Agreement also had a Cleveland forum selection clause.[5]

On December 4, 2009, the U.S. Department of the Treasury, Office of Thrift Supervision, closed AmTrust and appointed Plaintiff FDIC as AmTrust's receiver. Plaintiff adopted all of AmTrust's potential claims.

On December 2, 2015, Plaintiff FDIC sued Defendant Primelending. Plaintiff alleges one breach of the 1998 Loan Purchase Agreement and six breaches of the 2007 Loan Purchase Agreement. The seven defaulted loans were secured by seven different properties: one each in New York, Maryland, Colorado, and Virginia, and three in Texas.

On February 26, 2016, Defendant Primelending moved to transfer venue to Texas. Plaintiff FDIC opposes the requested transfer to Texas.

## II. Legal Standard

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Sixth Circuit typically requires "a district court [to] consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'"[6]

However, the Supreme Court in *Atlantic Marine* instructed district courts that:

---

[4] *See id.* at 28.
[5] "The parties hereby consent and submit themselves to the jurisdiction and venue in any State or Federal court located in the City of Cleveland, Ohio for purposes of any legal or equitable proceeding arising from, out of or in connection with this [2007 Loan Purchase] Agreement or any transaction contemplated hereby . . . . Correspondent may commence an action related to or arising from the Agreement or Seller's Guide in a location other than Cleveland, Ohio, only upon the written consent of Purchaser [AmTrust] to do so, and without such consent Correspondent agrees that any such action should immediately be dismissed by the court in which it is filed." *Id.*
[6] *Siegfried v. Takeda Pharm. N. Am., Inc.*, 2011 WL 1430333, at *2 (N.D. Ohio Apr. 14, 2011) (quoting *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)).

Case No. 15-cv-2480
Gwin, J.

> The calculus changes . . . when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum . . . . [A] valid forum-selection clause should be given controlling weight in all but the most exceptional cases . . . . When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum . . . . As a consequence, a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases.[7]

The *Atlantic Marine* Court applied this principle to cases where the movant sought to transfer the case *into* the contract's preselected forum. The principle applies more strongly in cases, like this one, where the movant seeks to transfer the case *out of* the contract's preselected forum.[8]

### III. Discussion

Defendant agreed to the terms of the 2007 Loan Purchase Agreement. The 2007 Loan Purchase Agreement has a valid forum selection clause that should be given controlling weight.[9] The forum selection clause says that both parties agree to submit themselves to try any case arising out of the contract in any state or federal court in Cleveland. The clause also requires written authorization from Defendant before Plaintiff can bring suit elsewhere.

Plaintiff brought suit in the Northern District of Ohio, Eastern Division, Cleveland Courthouse. Plaintiff complied with the forum selection clause. Defendant may not now object to the forum it agreed to in the 2007 Loan Purchase Agreement on the basis of private convenience.[10]

---

[7] *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, __ U.S. __, __, 134 S. Ct. 568, 581 (2013) (internal citations and quotation marks omitted).
[8] 15 Wright & Miller Fed. Prac. & Proc. Juris. § 3854.1, n.12 (4th ed.) (collecting citations).
[9] Defendant does not allege fraud, duress or any other reason to invalidate the forum selection clause.
[10] Defendant's reliance on the non-binding case *F.D.I.C. v. Nova Fin. & Inv. Corp.*, 2015 WL 2195062, at *5 (N.D. Ohio May 11, 2015) is misplaced. First, the current case's forum selection clause is distinguishable due to its

-3-

Case No. 15-cv-2480
Gwin, J.

The 1998 and 2007 Loan Purchase Agreements have Ohio choice of law provisions.[11] Ohio courts are typically more familiar with applying Ohio law than courts in other districts. This public-interest factor weighs in favor of denying Defendant's motion to transfer.

The 1998 Loan Purchase Agreement does not seem to have a similar choice of forum provision. However, public interest considerations favor trying all of Plaintiff's claims together.

The remainder of Defendant's arguments in favor of its motion to transfer concern its private interests in convenience. Defendant waived these arguments by agreeing to a valid forum selection clause in the 2007 Loan Purchase Agreement. This Court does not consider these arguments. Also, the FDIC makes claims involving properties in New York, Maryland, Colorado, Virginia, and Texas. Defendant makes no showing that Texas would be significantly more convenient.

Defendant does not meet its burden showing that transferring this case is appropriate under § 1404(a).

---

additional language. The additional contractual language requiring written permission from the other party before suing in another venue makes the forum selection clause mandatory without such written permission.
Second, this Court finds that *Atlantic Marine* applies to this case regardless of whether the forum selection clause is mandatory or permissive. It is true that the forum selection clause the Supreme Court analyzed in *Atlantic Marine* was mandatory. However, the language of the Court's discussion seems to reach *all* valid forum selection clauses, regardless of their permissiveness. *See generally Atl. Marine Const. Co.*, 134 S. Ct. 568 (discussing a mandatory forum selection clause in Part I but promoting enforcement of "valid forum-selection clause[s]," without specifying that the discussion only applies to mandatory forum selection clauses, in Part III).
Third, this Court disagrees with reading *Atlantic Marine* to say that "a party waives its right to challenge a preselected forum as inconvenient to the extent that enforcement of the forum selection clause, bargained for by the parties, 'protects [the parties'] legitimate expectations and furthers vital interests of the justice system.'" *Nova Fin. & Inv. Corp.*, 2015 WL 2195062, at *5 (quoting *Atl. Marine Const. Co.*, 134 S.Ct. at 581). Rather, *Atlantic Marine* held that district courts should generally enforce valid forum selection clauses *because* those clauses "protect[] [the parties'] legitimate expectations and further[] vital interests of the justice system."
[11] Doc. 16-1 at 19, 28.

Case No. 15-cv-2480
Gwin, J.

## IV. Conclusion

For the reasons above, this Court **DENIES** Defendant's motion to transfer.

IT IS SO ORDERED.


Dated: March 31, 2016                                  *s/        James S. Gwin*
                                                                                JAMES S. GWIN
                                                                                UNITED STATES DISTRICT JUDGE